ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 JUL 29 PM 4: 18
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID L. ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-021 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned matter is now before the Court on Defendant's "Motion to Dismiss, Motion for Sanctions, or in the Alternative, Motion to Compel." According to Defendant, Plaintiff has "simply refused to participate in the discovery process," and Defendant therefore requests that the case be dismissed. (Doc. no. 14, Br., p. 5.) In the alternative, Defendant requests that the Court order Plaintiff to respond to Defendant's Interrogatories and Request for Production of Documents and award Defendant its reasonable expenses under Fed. R. Civ. P. 37. (Id.) Plaintiff did not file a response to Defendant's motion, and therefore, under Loc. R. 7.5, the motion is deemed unopposed. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** (doc. no. 14-1), but that the motion to compel discovery responses be **GRANTED** (doc. no. 14-2).

## I. BACKGROUND

This civil action alleging breach of an insurance contract was removed to this Court from the Superior Court of Laurens County, Georgia on February 26, 2010. (Doc. no. 1.) Defendant filed its answer to Plaintiff's complaint on the date of removal, and the parties held their required Rule 26(f) conference on March 8, 2010 (doc. no. 7, p. 1.) Following submission of the 26(f) Report, the Court entered a Scheduling Order that set the deadline for discovery at August 15, 2010. (Doc. no. 10.) Notably, in the Scheduling Order, the Court recognized that there had been a request for a 100-day extension of the discovery period based on the stated intention of one of Plaintiff's counsel to run for political office,[1] but the Court specifically denied that request and instead granted a thirty-day extension of the standard discovery period. (Id. at n.2.) The Court also explained that if additional time were needed, the parties could make such a request by way of a motion to the presiding District Judge. (Id.) No motions requesting additional time were filed.

Defendant served its written discovery requests on Plaintiff on March 16, 2010. (Doc. no. 14, Ex. A.) When no responses were provided by Plaintiff, defense counsel wrote letters and made telephone calls to Plaintiff's counsel requesting that responses be provided. (Id. at Exs. B & C.) Having received no responses to its repeated inquiries,[2] and facing a

---

[1] The Report stated, "Plaintiff requests a 240 days discovery period, as Plaintiff's counsel is running for State Representative and will be seeking a leave of absence during June and July for his campaign." (Doc. no. 7, p. 2.) The record does not reflect that a request for a leave of absence was filed on behalf of Plaintiff in this case, and in any event, Plaintiff is represented by co-counsel from different law firms.

[2] Defense counsel reports that on June 21, 2010, she spoke with Plaintiff's counsel and was told that the discovery responses would be forthcoming, but no responses were ever provided. (Doc. no. 14, Lee Aff., ¶¶ 5, 6.)

2

looming discovery deadline, Defendant filed the motion now pending before the Court. As noted above, Plaintiff failed to file a response to the motion, and therefore, under Loc. R. 7.5, the motion is deemed unopposed.

## II. DISCUSSION

In light of Plaintiff's refusal to participate in discovery, Defendant requests that this case be dismissed. In the alternative, Defendant requests that Plaintiff be ordered to respond to the outstanding discovery and that it be awarded its expenses, including attorney's fees, for bringing the motion. Given the circumstances of the case, the Court finds that dismissal is not appropriate at this time, but Defendant's alternative request should be granted.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R.

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

41.1(c). Here, Plaintiff's refusal to respond to discovery not only violates the Federal Rules of Civil Procedure, but also impedes the prosecution of this case.

Defendant also relies on Fed. R. Civ. P. 37 to support its request that this case be dismissed based on Plaintiff's failure to cooperate in discovery. Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of, *inter alia*, striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Here, the Court finds that a lesser sanction of paying Defendant's attorney's fees and expenses for bringing this discovery motion would be an appropriate sanction to deter Plaintiff from further misconduct in this case, but yet allow the case to proceed to an investigation of the merits of Plaintiff's claims. The Court is further persuaded that dismissal is not appropriate because Defendant has not previously obtained a court order directing Plaintiff to provide the requested discovery. Thus, although Plaintiff has failed to comply with general orders directing the parties to conduct discovery in accordance with the applicable Federal Rules of Civil Procedure, the Court cannot conclude that Plaintiff has failed to obey a direct order of the Court to provide specific discovery. Accordingly, a

sanction of dismissal would not be appropriate at this time.

Should the District Judge adopt this Court's recommendation for monetary sanctions rather than dismissal, defense counsel should submit a request for expenses incurred in bringing this discovery motion within fifteen (15) days of the date of the District Judge's final action on this recommendation;[4] Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, a determination of an appropriate amount of reasonable expenses to be awarded to Defendant should then be made.

Finally, the Court recognizes that if the District Judge concurs that this case should proceed, then the remaining deadlines in the case must be extended so that Plaintiff can provide her discovery responses. Therefore, the Court also recommends that if the case proceeds, the deadlines for the close of discovery and the last day for filing civil motions excluding motions in limine be re-set by the District Judge.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** (doc. no. 14-1), but that the motion to compel discovery responses be **GRANTED** (doc. no. 14-2). Should the District Judge adopt this Court's recommendation for monetary sanctions rather than dismissal, Defendant should submit a request for expenses incurred in bringing this discovery motion within fifteen (15) days of the date of the District Judge's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, a

---

[4]An appropriate request for fees and expenses would require more detail than the current one paragraph in counsel's affidavit offered in support of the discovery motion. (See doc. no. 14, Lee Aff., ¶ 8.)

5

determination of an appropriate amount of reasonable expenses to be awarded to Defendant should then be made. Finally, if the District Judge determines that this case should proceed, the deadlines for the close of discovery and the last day for filing civil motions excluding motions in limine should be re-set.

SO REPORTED and RECOMMENDED this 27th day of July, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE